# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DIVERSEY, INC.,**

       **Plaintiff,**

       v.                                       Case No. 11-C-0643

**BERNARD MAXWELL, DON BREEDEN,
TRAVIS BONNETT and SWISHER HYGIENE,
INC.,**

       **Defendants.**

---

## DECISION AND ORDER

Plaintiff Diversey, Inc. initiated this action upon learning that three of its former employees, defendants Maxwell, Breeden and Bonnett, copied a large quantity of Diversey's confidential information shortly before leaving the company to join one of its direct competitors, defendant Swisher Hygiene, Inc. Diversey filed the complaint in state court in Racine County, Wisconsin on June 30, 2011. On July 5, 2011, Swisher removed the action to this court. The action is removable because the complaint states a claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. However, under a long-standing judicial interpretation of the phrase "defendant or the defendants" in the removal statutes, an action is not removable unless all defendants in a multi-defendant case join the notice of removal. See Chicago, Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900); P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co., 395 F.2d 546, 547 (7th Cir. 1968). In the present case, Swisher did not put anything in its notice of removal indicating that Maxwell, Breeden and Bonnett joined the notice. This prompted

Diversey to move to remand the case based on the failure of the latter defendants to join the removal.

An exception to the rule requiring all defendants to join the removal provides that defendants who have not been served with process as of the time of the removal need not join. Pullman Co. v. Jenkins, 305 U.S. 534, 540-41 (1939); P.P. Farmers, 395 F.2d at 547-48. The reason for this rule is that "the defendant not served may never be served, or may be served after the time has expired for the defendant who has been served to apply for a removal, and unless the latter can make an effective application alone, his right to removal may be lost." Pullman Co., 305 U.S. at 540-41. At the time Swisher filed its notice of removal, Maxwell, Breeden and Bonnett had not been served with process, and so Swisher was not required to obtain their consent to the removal. However, under yet another removal rule, Swisher was required to explain in the notice of removal the reason why Maxwell, Breeden and Bonnett had not joined the notice. See N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273 (7th Cir. 1982) ("a petition filed by less than all of the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants"). Swisher did not do this, and because it did not Diversey argued that the notice of removal was defective. But then Swisher filed an amended notice of removal explaining that Maxwell, Breeden and Bonnett did not join the notice of removal because they had not been served. Because a party may amend a notice of removal within thirty days of being served with the summons and complaint, id., and because Swisher's amended notice of removal was filed within thirty days of Swisher's having been served, Swisher has cured the defect in the notice of removal.

This brings us to Diversey's remaining argument: although Swisher was excused from obtaining Maxwell, Breeden and Bonnett's consent before filing the notice of removal, the case will have to be remanded unless Maxwell, Breeden and Bonnett provide their consent within thirty days of their being served. Diversey's argument would seem to be premature, given that the thirty-day period has yet to expire. However, Diversey contends that Maxwell, Breeden and Bonnett are precluded from consenting as a matter of law because they signed employment agreements with Diversey stating that all disputes must be litigated in state court in Racine. I am not convinced that a forum-selection clause in a contract could preclude a party from consenting to the removal of an action, but I need not reach that issue because, as explained below, Swisher is not required to obtain Maxwell, Breeden and Bonnett's consent.

The parties have not cited, and I have not found, any cases from the Supreme Court or Seventh Circuit addressing whether a notice of removal becomes ineffective unless any defendant who was unserved at the time of removal joins the removal petition within thirty days of service. Diversey attempts to derive a rule requiring such consent from various cases decided by other circuit and district courts, but I do not find Diversey's cases instructive because none directly addresses whether the consent of later-served defendants is required.[1] The cases that do directly address this question conclude that the

---

[1] The two appellate cases cited by Diversey are Barbour v. International Union, 640 F.3d 599 (4th Cir. 2011) (en banc) and Getty Oil Corp v. Ins. Co. of N. Am., 841 F.2d 1254 (5th Cir. 1988). Barbour contains language indicating that the court took it for granted that later-served defendants must expressly join the notice of removal, see 640 F.3d at 612 & n.4, but the issue under review in that case was not whether the consent of later-served defendants is required but by when such consent has to be given. The court did not explain the reasoning underlying its assumption that the consent of later-served defendants is required, and so I do not consider Barbour persuasive authority on that point. Getty Oil

3

consent of later-served defendants is not required. The Third Circuit, in rejecting the rule advanced by Diversey, held that "once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." Lewis v. Rego Co., 757 F.2d 66, 69 (3d Cir. 1985). At least two district courts have reached the same conclusion, Davis v. Averitt Express, Inc., No. CIV A 06-C-5793, 2006 WL 3883322, *3 (N.D. Ill. Dec. 28, 2006); Hutchins v. Priddy, 103 F. Supp. 601, 607 (W.D. Mo. 1952), and I will follow suit.

As discussed, to prevent a defendant from losing the ability to remove a case before the remaining defendants are served, a defendant may remove a case without obtaining the consent of the unserved defendants. However, each unserved defendant retains the right to veto the removal by moving to remand once he is served with process and makes an appearance in the case. See 28 U.S.C. § 1448 (recognizing that "any defendant upon whom process is served after removal" has the right to move to remand the case); Hutchins, 103 F. Supp. at 607. The later-served defendant's right to veto the removal by moving to remand renders any need for the later-served defendant to join the removal superfluous: if the later-served defendant wants to be in federal court he does nothing; if he prefers a state forum he moves to remand. Davis, 2006 WL 3883322, at *3. The rule requiring all defendants to be unanimous in preferring a federal forum confers no rights on

---

does not even imply that the consent of later-served defendants is required. In that case, all defendants had been served by the time the notice of removal was filed, 841 F.2d at 1256, and the case involved the timeliness of a "then served" defendant's consent, id. at 1262-63. To the extent the court discussed later-served defendants in dicta, it did not state or imply that the express consent of later-served defendants was required. Note also that Getty Oil cites Lewis v. Rego Co., 757 F.2d 66, 68-69 (3d Cir. 1985), which, as I explain in the text, expressly rejects the rule advanced by Diversey.

the plaintiff, and so if no later-served defendant moves to remand the case stays put. Lewis, 757 F.2d at 69; Hutchins, 103 F. Supp. at 607.

Thus, as things stand this case is properly in federal court. This does not mean that it will be here until its conclusion, as Maxwell, Breeden or Bonnett could, if and when they appear, move to remand. But Swisher has done enough to defeat Diversey's motion to remand. Accordingly, that motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2011.

s/ Lynn Adelman
LYNN ADELMAN
District Judge